Filed 4/23/15  Cain v. Sansum Clinic CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| RICHARD L. CAIN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SANSUM CLINIC et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B257463<br>(Super. Ct. No. 1402957)<br>(Santa Barbara County) |

Plaintiff, in propria persona, brought an action against two hospitals alleging they caused biomedical devices to be implanted in his body.  After the trial court imposed discovery sanctions on plaintiff, the hospitals moved for summary judgment. The trial court granted the hospitals' motion.  We affirm the ensuing judgment.

### FACTS

Richard L. Cain sued 34 health care providers for injuries resulting from the alleged secret and unconsented implantation into his body of what he describes as "experimental radiofrequency controlled and powered millimeter and other sized biomedical devices, which are comprised of Nanotechnology."  He claims the devices receive and transmit radio signals, and cause him insomnia and other physical ailments. Among the defendants are the Goleta Valley Cottage Hospital and the Santa Barbara Cottage Hospital (hereinafter collectively "Hospital").

Cain appeared and answered questions at one deposition. Thereafter, he repeatedly failed to comply with the defendants' discovery demands. Cain's failure to comply included numerous failures to appear for a second deposition.

Defendants moved for discovery sanctions including termination and the exclusion of evidence. The Hospital joined in the motion. Cain did not appear or otherwise respond to the motion.

The court found: "The motions before the court are interrelated, and indicative of a persistent problem in this litigation, i.e., plaintiff's continuing failure to timely engage in and respond to legitimate discovery sought by the many defendants he has forced into this litigation. While the Court is aware of the challenges involved in prosecuting a case in pro per, and while the Court has at every juncture attempted to give plaintiff the benefit of the doubt and advise him of the requirements and obligations that are necessary parts of being allowed to pursue litigation, the lessons do not seem to have taken hold. Plaintiff has repeatedly failed to respond to authorized discovery as required by the Civil Discovery Act (CCP § 2016.010, et seq.), forcing defendants to seek this court's assistance by moving to compel him to provide responses. The Court long ago lost track of how many times it has had to order plaintiff to provide responses to discovery. The Court has reached the limit of its tolerance of plaintiff's repeated failures to comply with his discovery obligations. After instructing plaintiff on so many occasions with respect to his discovery obligations, the Court can only conclude that any further failures to participate in discovery are willful and deliberate, and do not result from any lack of understanding of the process."

The court did not grant termination or evidentiary sanctions. Instead, the court ordered the parties to meet and agree on a date for Cain's second deposition. Cain met with the defendants and agreed to be deposed on February 7, 2014. The court so ordered. Cain did not appear.

The Hospital made an ex parte motion for further ruling on discovery sanctions. Cain did not oppose the motion. The court ordered that Cain is precluded

2

from presenting evidence that the Hospital was negligent, that it is liable to Cain or that Cain has suffered any damages.

Thereafter, the Hospital moved for summary judgment. The Hospital produced evidence that x-rays and CT Scans do not show any biomedical devices implanted in Cain's body. Even if there were such devices, the Hospital did not implant or cause such devices to be implanted.

Cain submitted affidavits from two medical doctors, a toxicologist and a private investigator attesting to the presence of biomedical devices in Cain's body.[1] Cain produced no evidence, however, connecting the Hospital to the devices.

The trial court refused to consider Cain's opposition for two reasons. First, the papers were untimely. They were due on June 13, 2014, but were not filed until June 17, 2014. The court stated it had previously heard 17 motions for summary judgments in the case and has advised Cain about the requirement for filing timely opposition. The court found that Cain persists in disregarding the court's express directions. Second, the discovery sanction order precludes Cain from presenting evidence of liability or damages.

The trial court granted the Hospital's motion for summary judgment.

DISCUSSION

I.

Cain contends the trial court abused its discretion in imposing discovery sanctions.

Cain argues that he informed the Hospital and the trial court on the record that his medical condition must be taken into account in scheduling his second deposition. He claims the trial court ignored his medical condition.

But Cain fails to point to anywhere in the record where he so informed the court. He has a duty to support any reference to the record by citation to the volume and

---

[1] We grant the Hospital's motion to augment the record (filed Jan. 2, 2015) to include the opposition papers submitted by Cain.

page number where the matter appears. (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 695, p. 764.) Failure to cite to the record waives the argument. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1245.) The record shows no opposition to the Hospital's motion for sanctions.

Moreover, the record shows the trial court did not schedule Cain's second deposition. Instead, the court left it to Cain and the Hospital to agree on the time and place. Even after Cain agreed, he failed to appear.

Evidentiary sanctions may be imposed when the offending party has engaged in a pattern of willful discovery abuse that caused the unavailability of evidence. (*Karlsson v. Ford Motor Co.* (2006) 140 Cal.App.4th 1202, 1219.) In ruling on the Hospital's initial motion for discovery sanctions, the trial court recited a long list of discovery abuses committed by Cain. That alone would have justified the imposition of evidentiary sanctions. Instead, the trial court gave Cain another opportunity by ordering the parties to agree to the scheduling of his second deposition. Cain disobeyed the order by failing to appear for the deposition. The trial court was well within its discretion in imposing the sanctions.

The discovery sanctions imposed by the trial court had the effect of barring any evidence in opposition to the Hospital's motion for summary judgment. Cain does not challenge the sufficiency of the Hospital's evidence in support of its motion. The trial court properly granted the motion.

In any event, had the trial court considered Cain's evidence, it would not have been availing. Even assuming Cain's affidavits show his body contains biomedical devices, he produced no evidence that even remotely suggests the Hospital had anything to do with their implantation. It is not enough for Cain simply to state, unsupported by any reference to the record, that his evidence is sufficient to raise a triable issue of fact.

We need not consider Cain's contention that the trial court erred when it refused to consider his opposition papers because they were untimely. Even if Cain had filed his opposition in a timely manner, he would not have prevailed.

4

The judgment is affirmed.  Costs on appeal are awarded to respondents.

NOT TO BE PUBLISHED.


GILBERT, P. J.


We concur:


YEGAN, J.


PERREN, J.

Donna D. Geck, Judge

Superior Court County of Santa Barbara
_____

Richard L. Cain, in pro. per., for Plaintiff and Appellant.

Hall, Hieatt & Connely, LLP, Mark B. Connely, Molly E. Thurmond for Defendants and Respondents.